1  THOMAS E. WINNER
   Nevada Bar No. 5168
2  LARA L. MILLER
   Nevada Bar No. 12618
3  WINNER & BOOZE
   1117 S. Rancho Drive
4  Las Vegas, NV 89102
   Phone (702) 243-7000
5  Facsimile (702) 243-7059
   twinner@winnerfirm.com
6  lmiller@winnerfirm.com
   *Attorneys for Plaintiff*
7

8              UNITED STATES DISTRICT COURT

9                   DISTRICT OF NEVADA

10 GEICO ADVANTAGE INSURANCE
   COMPANY;                                    CASE NO.:
11
                Plaintiff,
12                                             **GEICO ADVANTAGE INSURANCE
       vs.                                     COMPANY'S COMPLAINT FOR
13                                             DECLARATORY RELIEF**
   SHERRY ZWAGIL, an individual; NORMAN
14 ZWAGIL, an individual; JUMPERMAN
   PARTY RENTALS L.L.C. d/b/a JUMPER
15 MAN PARTY RENTALS, a Domestic Limited-
   Liability Corporation; DOES I through X; and
16 ROE CORPORATIONS I through X, inclusive,

17            Defendants.

18

19     Plaintiff, GEICO ADVANTAGE INSURANCE COMPANY ("GEICO"), by and through

20 its attorneys of record, Winner & Booze, hereby submits it Complaint for Declaratory Relief against

21 Defendants SHERRY ZWAGIL ("SHERRY"), NORMAN ZWAGIL ("NORMAN"),

22 JUMPERMAN PARTY RENTALS d/b/a JUMPER MAN PARTY RENTALS ("JUMPERMAN"),

23 DOES I-X, and ROE CORPORATIONS I-X as follows:

24                          **INTRODUCTION**

25   1. This is an action for declaratory judgment arising from a claim for Uninsured Motorist (UM)

26      benefits following an accident that occurred on April 30, 2021.

27   2. SHERRY and NORMAN were riders on a portable amusement ride owned, operated, and/or

28      controlled by JUMPERMAN on April 30, 2021.

                              Page 1 of 9

088-9034

3. SHERRY and NORMAN allege that due to the negligence of JUMPERMAN, an accident occurred, and they sustained certain bodily injuries and damages.

4. At the time of the accident, SHERRY and NORMAN maintained a policy of automobile insurance with GEICO which included, *inter alia*, UM benefits.

5. Because of the accident, SHERRY and NORMAN made a claim to GEICO for UM benefits.

6. At the time of the accident, the portable amusement ride owned, operated, and/or controlled by JUMPERMAN was neither a "motor vehicle" nor an "auto" as defined by the GEICO Nevada Family Automobile Insurance Policy.

7. GEICO now seeks a declaration that the portable amusement ride owned, operated, and/or controlled by JUMPERMAN was neither a "motor vehicle" nor an "auto" as defined by the GEICO Nevada Family Automobile Insurance Policy, and that GEICO does not owe UM benefits to SHERRY or NORMAN.

## NATURE OF ACTION

8. This is an action for declaratory judgment pursuant to 29 U.S.C §2201 to declare the rights and legal relations of the respective parties concerning the controversy described herein.

9. Jurisdiction is proper pursuant to 28 U.S.C. §1332. There is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## PARTIES

11. Plaintiff, GEICO, is a Nebraska corporation with its principal place of business in Chevy Chase, Maryland, and is a foreign corporation licensed to write insurance policies in the State of Nevada.

12. Defendant, SHERRY, upon information and belief, was, at all times relevant to this action, a resident of Clark County, Nevada.

088-9034

13. Defendant, NORMAN, upon information and belief, was, at all times relevant to this action, a resident of Clark County, Nevada.

14. Defendant JUMPERMAN, upon information and belief, was, at all times relevant to this action, a limited liability corporation organized under Nevada law with its principal place of business in North Las Vegas, Nevada. JUMPERMAN rents "entertainment equipment" for parties and events.[1]

15. The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants DOES I-X and ROE CORPORATIONS I-X are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOES and ROES has an interest in some manner related to the events and happenings herein alleged, and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I-X and ROE CORPORATIONS I-X when the same have been ascertained, and to join such Defendants in this action.

**FACTUAL ALLEGATIONS**

16. On or around April 30, 2021, SHERRY and NORMAN maintained a policy of insurance with GEICO, Policy Number 0794-62-78-02, for the period of January 31, 2021 through July 31, 2021 ("the GEICO Policy").[2]

17. The GEICO Policy listed SHERRY and NORMAN as "Persons Insured," and the "Uninsured Motorists" limits are listed as $100,000/$300,000.[3]

18. On April 30, 2021, SHERRY and NORMAN attended a birthday party in the home of Josh Zwagil ("JOSH"), located in Clark County, Nevada.

19. Upon information and belief, JOSH rented a portable amusement ride, known as a "kid's train ride," as entertainment for his two-year-old daughter's birthday party.[4]

---

[1] Case 2:22-cv-01884-CDS-MDC, Document 27 at 4:4-5.
[2] *Exhibit A*: GEICO Nevada Family Automobile Insurance Policy and Declarations at GAIC000001.
[3] *Id.*
[4] Case 2:22-cv-01884-CDS-MDC, Document 20 at Exhibit 1, page 4.

088-9034

20. During the birthday party, SHERRY and NORMAN rode the portable amusement ride operated, owned, and/or controlled by JUMPERMAN.

21. SHERRY and NORMAN allege that JUMPERMAN operated the portable amusement ride negligently "down a steep hill," which resulted in an accident.[5]

22. Because of the accident, SHERRY and NORMAN allege they sustained certain bodily injuries and damages.[6]

23. On April 27, 2023, SHERRY and NORMAN filed a Complaint against JUMPERMAN in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-23-869739-C, alleging negligence for the above-referenced accident.[7]

24. According to the Complaint, JUMPERMAN "was hired to provide a trackless train as entertainment at the birthday party."[8]

25. The manual for the train ride provides that it is a "portable amusement ride."[9]

26. The manual further provides that the portable amusement ride is not intended for use on "hills, inclines, slopes, … or any other unstable terrain. It is also not intended for use on roadways or anywhere vehicles are in operation."[10]

## THE CLAIM

27. SHERRY and NORMAN made a claim to GEICO for UM benefits under the GEICO Policy.

28. Meanwhile, the insurer for JUMPERMAN, Beazley Underwriting, Ltd. ("BEAZLEY"), filed a Complaint for Declaratory Relief and Recoupment in the United States District Court for the District of Nevada, Case No. 2:22-cv-01884-CDS-MDC, seeking a declaration that Beazley has no duty to defend or indemnify JUMPERMAN in the suit filed by SHERRY and NORMAN, Case No. A-23-869-739-C.

---

[5] *Exhibit B*: Complaint Case No. A-23-869739-C at 3:17-18.
[6] *Id*. at 3:20-21.
[7] *Id*. at 3:22-23.
[8] *Id*. at 3:15-16.
[9] *Exhibit C*: Royal Express Operations and Maintenance Manual at REM000003.
[10] *Id*.

29. SHERRY and NORMAN advised GEICO that JUMPERMAN denied coverage for SHERRY and NORMAN's alleged bodily injuries and damages arising from the April 30, 2021 accident.

30. GEICO reviewed the GEICO Policy and Declarations Page maintained by SHERRY and NORMAN.

31. GEICO advised SHERRY and NORMAN that there was no coverage for the accident involving the portable amusement ride because it is not a "motor vehicle" nor an "auto" as defined by the GEICO uninsured motorist policy and Nevada law.[11]

32. Some or all the Defendants herein dispute GEICO's coverage position in the Underlying Action. As such, there is a justiciable controversy between GEICO and the Defendants.

## THE GEICO POLICY

33. The GEICO Policy provides, in pertinent part:

**AGREEMENT**
**We, the Company named in the Declarations attached to this policy, make this agreement with you, the policyholder. Relying on the information you have furnished and the Declarations attached to this policy and if you pay your premium, we will do the following:**

. . .

**SECTION IV – UNINSURED MOTORISTS COVERAGE**
**Protection For You And Your Passengers For Injuries Caused By Uninsured And Hit-And Run Motorists**

**DEFINITIONS**

. . .

7. *Uninsured motor vehicle* is a motor vehicle which has no bodily injury liability bond or insurance policy applicable with liability limits complying with the financial responsibility law of the *state* in which the *insured auto* is principally garaged at the time of an accident. This term also includes an auto whose insurer is or becomes insolvent or denies coverage and an *underinsured motor vehicle*.
The term *uninsured motor vehicle* does not include:
(a) An *insured auto*;
(b) An auto owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;
(c) An auto owned by the United States of America, any other national government, a state, or a political subdivision of any such government or its agencies;

---

[11] ***Exhibit D***: Letter from GEICO to Sherry Zwagil disclaiming coverage, ***Exhibit E***: Letter from GEICO to Norman Zwagil disclaiming coverage.

(d) A land motor vehicle or *trailer* operated on rails or crawler-treads or located for use as a residence or premises;
(e) A farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

. . .

34. Further, Nevada Revised Statute 482.135 defines "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a public highway."

35. Additionally, the United States District Court for the District of Nevada determined that "the purpose of carriage on an amusement ride is recreation rather than transportation." *Sewell v. Capital One Financial Corp.*, 401 F. Supp. 3d. 1159, 1168-69 (D. Nev. 2019).

36. "Automobile" or "auto" is defined as "a passenger vehicle designed for operation on ordinary roads and typically having four wheels and a gasoline or diesel internal-combustion engine."[12],[13]

## COUNT I – DECLARATORY RELIEF

37. GEICO incorporates the averments contained within paragraphs 1 through 36 above as if fully set forth herein.

38. According to the GEICO Policy, an *uninsured motor vehicle* "is a motor vehicle which has no bodily injury liability bond or insurance policy applicable with liability limits complying with the financial responsibility law of the *state* in which the *insured* auto is principally garaged at the time of an accident."

39. The GEICO Policy also provides that an *uninsured motor vehicle* "includes an auto whose insurer is or becomes insolvent or becomes insolvent or denies coverage … ."

40. Nevada Revised Statute 482.135 defines "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a public highway."

41. "Automobile" or "auto" is defined as "a passenger vehicle designed for operation on ordinary roads and typically having four wheels and a gasoline or diesel internal-combustion engine."[14]

---

[12] https://www.dictionary.com/browse/automobile.
[13] When a word is not otherwise defined by the statutes, we look to its common, everyday meaning.
[14] https://www.dictionary.com/browse/automobile.

42. JOSH rented a "kid's train ride" for "entertainment" at his two-year-old daughter's birthday party on April 30, 2021.[15]

43. On April 30, 2021, JUMPERMAN provided the train ride to JOSH and his guests, which included SHERRY and NORMAN.

44. JUMPERMAN "rents bounce houses and related entertainment equipment for parties and events."[16]

45. The manual for the train ride rented by JOSH and provided by JUMPERMAN states that it is a "portable amusement ride."[17]

46. The manual further provides that the portable amusement ride "is … not intended for use on roadways or anywhere vehicles are in operation."[18]

47. The *Sewell* Court determined that "the purpose of carriage on an amusement ride is recreation rather than transportation." *Sewell*, 401 F. Supp. at 1168-69.

48. While NRS 482.135 provides that a "vehicle" is a "device … by which any person … may be transported or drawn upon a public highway," SHERRY and NORMAN were riding the portable amusement ride for "entertainment" or "recreation" during a party.[19] *Sewell*, 401 F. Supp. at 1168-69.

49. SHERRY and NORMAN were not riding the portable amusement ride to "be transported or drawn upon a public highway." NRS 482.135.

50. The portable amusement ride owned, operated, and/or controlled by JUMPERMAN and provided by JUMPERMAN to JOSH on April 30, 2021, was not a "motor vehicle" nor an "auto" as defined by the GEICO UM Policy.

51. This Honorable Court has sufficient facts upon which to determine that the portable amusement ride owned, operated, and/or controlled by JUMPERMAN and provided by

---

[15] Case 2:22-cv-01884-CDS-MDC, Document 20 at Exhibit 1, page 4, **Exhibit B** at 3:15-16.
[16] Case 2:22-cv-01884-CDS-MDC, Document 27 at 4:4-5.
[17] **Exhibit C** at REM000003.
[18] *Id*.
[19] **Exhibit B** at 3:15-16.

JUMPERMAN to JOSH on April 30, 2021, was not a "motor vehicle" nor an "auto" as defined by the GEICO UM Policy.

52. Further, this Honorable Court can find as a matter of law that GEICO has no obligation to provide UM benefits to SHERRY and NORMAN for their alleged injuries and damages arising from the incident with the portable amusement ride provided by JUMPERMAN on April 30, 2021.

53. Because some or all Defendants herein dispute GEICO's coverage position in connection with SHERRY and NORMAN, an actual controversy has arisen between the parties regarding their respective rights and obligations.

54. Plaintiff GEICO does not have any other adequate remedy at law to resolve this controversy. Accordingly, a declaration of the Parties' rights and duties is necessary and appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, on its claim for Declaratory Relief, Plaintiff GEICO respectfully requests that this Honorable Court:

A. Deteremine and adjudicate the rights, duties and responsibilities of Plaintiff GEICO and the named defendants with respect to the matters set forth in this complaint, and that there is no coverage under the GEICO Policy, and that there is no UM coverage or benefits owed to SHERRY and NORMAN.

B. Find and declare that the portable amusement ride owned, operated, and/or controlled by JUMPERMAN and provided by JUMPERMAN to JOSH on April 30, 2021, was not a "motor vehicle" as defined by the GEICO Policy.

C. Find and declare that that the portable amusement ride owned, operated, and/or controlled by JUMPERMAN and provided by JUMPERMAN to JOSH on April 30, 2021, was not an "auto" as defined by the GEICO Policy.

. . .

. . .

088-9034

D.  Grant Plaintiff GEICO any and all further relief that this Court may deem equitable and just.

DATED this 12th day of June, 2024.

                                         WINNER & BOOZE

*/s/Lara L. Miller*
THOMAS E. WINNER
Nevada Bar No. 5168
LARA L. MILLER
Nevada Bar No. 12618
WINNER & BOOZE
1117 S. Rancho Drive
Las Vegas, NV 89102
*Attorneys for Plaintiff GEICO*